IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CASSANDRA J. BURKS, #240303, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-841-WKW |
| | ) | [WO] |
| SAMUEL GORDON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cassandra J. Burks, an indigent state inmate, in which she challenges the constitutionality of actions that occurred at the Tutwiler Prison for Women in July and August of 2015.

The order of procedure entered in this case instructed Burks to immediately inform the court of any new address. Doc. 7 at 5. The docket indicates that Burks received a copy of this order. The court, however, recently obtained information that Burks no longer resides at the last address she provided to the court.[1]

Based on the foregoing, the court entered an order requiring Burks to inform the court of her current address no later than October 10, 2017. Doc. 31. This order specifically advised Burks that the case could not proceed if her whereabouts remained unknown and cautioned her that her failure to comply with its directives would result in the dismissal of this case. Doc. 31 at 1–2. As of the present day, the court has received no response from Burks to this order, and she has not provided the court with her current

---

[1] The last address provided to the court by Burks is Tutwiler Prison for Women. A recent search of http://doc.state.al.us/InmateSearch, the inmate database maintained by the Alabama Department of Corrections, indicates that Burks is no longer incarcerated within the state prison system.

address as required by the order of procedure.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, the court finds that dismissal of this case is the proper course of action.  This case cannot properly proceed in Burks' absence.  Since her release from incarceration, Burks has taken no action with respect to this case, indicating an abandonment of her claims and a loss of interest in the prosecution of this case.  The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and her failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **October 27, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which their objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE